No. 10,939.

GEORGE NICHOLSON AND WIFE VS. C. H. PARKER, TAX COLLECTOR.

The publisher of a newspaper is not a "manufacturer of stationery" within the meaning or intent of Article 207 of the Constitution. Decision in State vs. Dupre, 42 An. 561, referred to, and its inapplicability to the instant case shown.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*F. P. Poché* and *Lamar C. Quintero* for Plaintiffs and Appellants:

Publishers of newspapers are manufacturers for the same reasons that makers of blank books and publishers of printed books are manufacturers, within the intendment of the Constitution. 42 An. 561.

Makers of blank books are manufacturers, because blank books are articles of "stationery." 42 An. 561.

Property engaged.in the publication of a newspaper is exempt from taxation, because capital, etc., engaged in the manufacture of " stationery" is exempt from taxation. Constitution, Article 207.

*Buck, Dinkelspiel & Hart* on the same side.

---

*H. C. Cage* and *W. B. Sommerville*, Assistant City Attorneys, and *Carleton Hunt*, City Attorney, for Defendants and Appellees:

1. Words used in a constitution are to be taken in their usual and customary signification. Cooley Const. Lim., 58; Story on Const., Sec. 453.
2. Exemptions are to be strictly construed. Cooley Const. Lim., 61, 381, 528.
3. Only manufacturers specifically named therein are exempt from taxation by Article 207 of Constitution, 1879.
4. A newspaper is not an article of " stationery." Worcester's Dictionary, Webster's Dictionary, Century Dictionary, *Verbo* "Stationery."

*Wynne Rogers*, Attorney for Tax Collector, on same side.

---

The opinion of the court was delivered by

FENNER, J. Plaintiffs, as owners of the presses, boilers, type, machinery, and other appurtenances used by them in printing and publishing the newspaper known as the "Daily Picayune," claim exemption from taxes levied on said property, by virtue of Article 207 of the Constitution, which exempts from taxation property "employed in the manufacture of textile fabrics, leather, shoes, harness, saddlery, * * *stationery*, ink, and paper," etc.

In case of State vs. Dupré & Hearsey, 42 An., p. 561, we had under consideration the preceding Article 206, which exempts from license taxation *all* "manufacturers other than those of distilled alcoholic or malt liquors, tobacco and cigars, and cotton seed oil."

The difference between the two articles is very pointed. Article 206 exempts from license-tax *all* manufacturers, with certain designated exceptions; Article 207 exempts from property-tax *only* manufacturers of certain designated articles.

The question in Dupré's case was whether the publisher of a newspaper is a manufacturer; the question in the instant case is whether such a publisher is a manufacturer of " stationery."

In Dupré's case we held that, although the publisher of a newspaper might not be considered as a *manufacturer* in the general acceptation of that term, yet that the Constitution evidently used the term in a broader sense, and we referred to the following Article 207,

which treated a maker of *stationery* as a manufacturer, and we held that, if a maker of stationery, such as blank-books, account-books, etc., was a manufacturer, the maker of printed books and of newspapers must equally be so considered. We referred to the provision of Art. 207 on the subject of the manufacture of "stationery" merely by way of analogy and illustration; but there is certainly no word in the opinion which hints that the publisher of a newspaper was a manufacturer of stationery. If we had so considered, a mere statement of the fact would have solved the case, since nobody questions that the Constitution, in express terms, recognizes the maker of stationery as a manufacturer.

In that case, all our reasoning by analogy would have been superfluous, and the dissenting opinions in the case would not have been written. That the publisher of a newspaper, any more than a publisher of books, is not a manufacturer of stationery, is a proposition to our minds so self-evident that its statement is sufficient without the necessity of any enforcement. The contrary would doubtless never have been advanced by any one but for a very gross misinterpretation of our opinion in Dupré's case.

Judgment affirmed.